O’Donnell, J.
The agreed facts in this proceeding are substantially as follows:
Prior to August 7, 1911, there was pending in the circuit court of the city of St. Louis, Mo., the Eberson Paint Company, a corporation, vs the Guy G. Major Company, a corporation. The defendant is a resident of Ohio. Plaintiff desiring to take the deposition of certain witnesses in Ohio, caused notice of said taking to be given in Missouri in accordance with the statutes of that state service of which was had by posting a copy of the notice in the office of the clerk of the circuit court of the city of St. Louis, Mo. No notice of any kind was served in Ohio.
Thereafter, on August 4, 1911, there was duly issued from the office of the clerk of said circuit eoprt g commission pr dedimus as follows:
*162 “The state of Missouri, to any judge, justice of the peace, or other judicial officer or notary public, of the state of Ohio, greeting:
‘ ‘ Know ye, that we, in confidence of your prudence and fidelity, do by these presents, authorize you to cause to come before you, to be examined as witnesses in a case pending in our circuit court, city of St. Louis, in the state of Missouri, wherein Eberson Paint Company is plaintiff and the Guy G. Major Company is defendant, all and every person, and at such time and place as shall be named to you for that purpose by the said plaintiff’s attorney or agent, and we command you to examine all and every such person, upon his oath or solemn affirmation first made or taken before you, to testify the ivhole truth touching his knowledge of anything relating to the said matter in controversy between the said parties; and that you do take such, his examination, and reduce the same into writing. When you shall have so taken his examination, you are to cause the witness to sign the same; and to that and each examination, at the foot thereof, you are to append your certificate, setting forth the facts that the examination was subscribed and sworn to, or affirmed, by the witness, and the day, as well as between what hours of the day it was done, as also the place of residence of the witness, if known to you. Should any paper or exhibit be procured or proven, or referred to by the witness, you are to describe the same in his examination, or cause it to be so marked by him as to establish its identity, and attach the same to his examination. The examination thus taken you will cause to be accompanied by a certificate of your official character, tested by the seal of the state; or, should it be more convenient, such authentication and proof of your official character may be made by the certificate and seal of the clerk of any court of record of any county of the state, district or territory in which you reside; stating, also in addition to the fact of his being clerk, that the court is one of record, that at the time when the depositions were taken, you were an acting judge (or other such officer to whom this commission is addressed) and duly commissioned as such. And you will return the same and all exhibits produced to you, annexed hereto, carefully closed up and under your seal, directed to the clerk of the circuit court, city of St. Louis, Missouri, with the names of the said parties litigant endorsed thereon, with all convenient speed.
“Witness, Chas. R. Graves, clerk of said court, with the seal thereof hereto affixed, at office in the city of St. Louis, this — August, 1911. “Charles R. Graves,
[Seal.] “Clerk Circuit Court, City of St. Louis.”
*163 This dedimus, or commission, came to the hands of Louis B. Hall, a notary public of Lucas county, Ohio, who on August 5, 1911, issued a subpoena to Guy G. Major, which subpoena is as follows:
‘ ‘ The State oe Ohio, Lucas County, ss.
“To Guy G. Major.
“You are hereby commanded to be and appear before me,, a notary public, of the state of Ohio, in and for said county, at my office,. 1226 Nicholas Building, in the city of Toledo, on the 7th day of August, A. D. 1911, at 9 o’clock a. m., then and there to be examined and the truth to speak in behalf of the plaintiff, in a certain action pending in the circuit court of the city of St. Louis, in the state of Missouri, wherein Eberson Paint Company, a corporation, is plaintiff, and Guy G. Major Company, a corporation, is defendant. Hereof fail not under penalty of the law.
‘ ‘ Given under my hand, this 5th day of August, A. D. 1911.
[seal.] “Louis B. Hall,

“Notary Public, Lucas County, Ohio.”

On the back of said subpoena was the following endorsement:
‘ ‘ The State of Ohio, Lucas County, ss.
“W. E. Brannon being first duly sworn, says that on the 5th day of August, 1911, he served the within subpoena on Guy G. Major in Lucas county, by delivering a copy of said subpoena to him personally.
“W. E. Brannon.
“Sworn to before me and subscribed in my presence this 7th day of August, 1911.
[seal.] •“ Orion C. Clement,

“Notary Public, Lucas County, Ohio.”

On August 7, 1911, said Guy G. Major failed to appear in pursuance to said subpoena, and on said date Louis B. Hall issued a writ to the sheriff of Lucas county, Ohio, commanding him to attach said Major and to have his body before said Hall at his office on August 9, 1911. The taking of said deposition was regularly adjourned by the notary until August 9, 1911; the sheriff duly attached the body of said Major and did produce him before said notary on August 9, 1911; at that time said Major was ordered to be sworn by said Hall and refused to be sworn; thereupon the attorney for the plaintiff propounded, certain *164 competent and material questions to the said Major, which he refused to answer. Whereupon said Hall, the notary, made an order that said Major be imprisoned in the county jail of Lucas county, Ohio, until he submit to be sworn as a witness as ordered by said notary, and that he be imprisoned in the county jail until he submit to testify in said cause in pursuance of said order. The sheriff took the said Major into his custody.
Whereupon said Major filed et petition in habeas corpus in this court. It is claimed by said Major that said Hall as notary public or commissioner had no power to punish for contempt when engaged in taking a deposition in a cause pending out of this state. On the other hand, it is contended that a notary public possesses the same power in taking depositions in causes pending outside the state as in causes pending in the state.
It'may be conceded that in the absence of power expressly conferred by statute, a notary public, when sitting as an examiner in taking depositions, has no power to punish for contempt one who disobeys the subpoena, or if present, refuses to be sworn and answer material and pertinent questions, but the court wherein the cause is pending has jurisdiction to punish for the contempt. That a notary public, taking depositions in a cause pending in Ohio, and under and by virtue of the laws of Ohio, has power to punish for contempt is settled. Archibald v. DeCamp, 50 O. S., 618.
Does‘a notary public possess the same power to punish for contempt when taking a deposition in a cause pending in another state and by virtue of a dedimus or commission issued by the court in that state? In determining this question, an examination,of the statutes-of this state relative to the power conferred on notary publics when taking depositions is necessary.
Section 126 of the General Code of Ohio, 1910, provides:
“A notary public shall have power within the county or counties for which he is appointed to take and certify deposition. * * * In taking the deposition he shall have the power which is’ by law vested in justices of the peace to compel the attendance of witnesses and punish them for refusal to testify. ’ ’
Section 122: “Each notary shall hold his office for the term of three years. ”
*165 This section also provided for bond and his taking an oath.
Section 11502 reads as follows-. “When the attendance of a witness before an officer authorized to take the depositions is required the subpoena shall be issued by such officer.”
Section 11510. “Disobedience of a subpoena, a refusal to be sworn, except upon failure to' pay fees duly demanded and ah unlawful refusal to answer as a witness, or to subscribe a deposition, may be punished as a contempt of the court or officer by whom the attendance or testimony of the witness is required.”
Section 11511. “When a witness fails to obey a subpoena personally served, the court or officer before whom his attendance is required may issue to the sheriff, coroner, or .a constable of the county an attachment commanding him to arrest and bring the person named therein before said court or officer at the time and place the writ fixes to give his testimony and answer for the contempt. But if it does not require the witness to be immediately brought, he may give a bond for a sum fixed, with surety for his appearance, which sum shall be endorsed, on the back of the writ, except that, if no sum be so 'endorsed, it shall be $100.00. When the witness was not personally served the court by a rule, may order him to show cause why an attachment should not issue against him. ”
Section 11512. “Punishment for the acts of contempt specified in Section 11510 shall be as follows: When the witness fails to attend in obedience to a subpoena, the court or officer may fine him not over $50.00; in other cases, .not more than $50.00 nor less than $5.00; or he may imprison him in the county jail there to remain until he submits to be sworn, testifies or gives his deposition.”
Section 11528. “Depositions also may be taken when the testimony is required in an action, cause, or matter pending before any court or authority without this state.”
Section 11530. “Depositions taken in and to be used in this state must be taken by an officer or person whose authority is derived within the state, but, if for use elsewhere, they may be taken before a commissioner or officer who derives his authority from the state, district or territory in which they are to be used. ’ ’
The above statutes enumerate eases wherein a notary public may commit for contempt and that power can not be exercised in *166 a case not specifically enumerated therein. Whatever the Legislature may have intended, such intention can have no effect unless expressed in the statute, for this being a statute of a penal nature can not be extended by inference or implication, for the Legislature can not be presumed to have intended to confer greater authority than that specifically granted. In construing statutes, penal in their nature, the Legislature is presumed to have intended to keep within the territorial limits of its jurisdiction. Such laws are not to have an extra-territorial operation.
“Prima facie, every statute is confined in its operation to the persons, property, rights or contracts which are within the territorial jurisdiction' of the Legislature which enacted it. The presumption is always against any intention to attempt to give to the act an exterritorial effect.” Black on Interpretation of Laws (2d Ed.), page 107.
Section 11530 of the General Code of Ohio provides:
“Depositions taken in and to be used in this state must be taken before an officer or person whose authority is derived within the state; but if for use elsewhere they may be taken before a commissioner or officer who derives his authority from the state, district or territory in which they are to be used.”
The above statute'simply permits the taking of depositions for use outside of Ohio, by a commissioner or officer who derives his authority from the state in which they are to be used, but does not clothe the officer with the same powers expressly conferred when taking depositions to be used in this state.
Section 11528 provided:
“Depositions also may be taken when the testimony is required in an action, cause or matter pending before any court of authority without this state.”
These are the only statutes in Ohio providing for the taking of depositions in a case pending in a foreign court. As was said in Bushnell et al, 44 N. Y. Sup., 258:
‘ ‘ The Legislature was under no obligation, except perhaps the obligation of comity, to fix any punishment for a refusal to testify under a commission from another state.”
*167 Inasmuch as there is express provision in regard to the taking of depositions for use in Ohio, to the effect that a witness may be committed for contempt for failing when regularly summoned, to appear and testify, it is contended that the same power is given in taking depositions by virtue of a commission or dedimus issued from a foreign court. Can this power be implied?
The fact that it exists by express statute only in taking a deposition in a case pending in Ohio, is an argument against its existence by implication in taking depositions for use in a foreign state; for there is no reason why it should be expressly given in the one case and left to implication in the other, if in both eases it was intended that it should exist. It is true, as a general rule, that a power which is expressly granted, carries with it by implication all the incidental powers which are necessary to render it effectual. The rule, however, is not to be enforced without due regard to other legislative rules and principles. It is going far to hold that a statute permitting the taking of deposition carries with it, by implication, a power to fine or imprison for contempt. Such a power is a power to punish. In a great many of our statutes, express statutory power is given to a notary to take depositions and to punish for contempt a person refusing to obey a subpoena or testify, and by express statute the same powers are made applicable in taking depositions, intended for use in the courts without their respective states, but I do not find that this power has been held to exist in taking depositions for use outside of the state, by implication, except in New Hampshire. The New Hampshire cases are against the great weight of authority. But I am of the opinion that Mr. Hall, in ordering the commitment which is under consideration in this case, derived the sole and' only authority which he had in the premises from the dedimus or commission issued and sent to him by the Missouri court.
In Cash Register Company v. Heyne, 10 N.P.(N.S.), 465, 488, in referring to an Ohio notary public who was taking a deposition for use in the state of Michigan, the court say:
“The basic authority if any, which Jones has for taking the depositions to be used in the Michigan case, must necessarily come from the laws of that state, which are now before us. When tak *168 iñg testimony here to be used there, he does so because permitted by the law of that state to act for that purpose.”
. After quoting Section 11528 of the General Code, the court .further says:
"In passing this section of the- General Code, the Legislature acted within the rule of comity. The section is an aid to the courts of sister or foreign states. It yields as a favor, what can not be claimed as a right, but what it is within the Legislature to permit."
In the case of Goodman, 7 N. P., 201, where the Surrogate Court of New York issued a commission to William F. Fox, of Cincinnati, Ohio, authorizing the said Fox to examine witnesses in Ohio, to certify the depositions as directed to the court issuing the same, and said Fox in pursuance of said commission issued subpoenas' to certain witnesses requiring them to appear before him for the purpose of giving their testimony, the petitioner refused to obey the subpoena and refused to be sworn, the commissioner ordered and adjudged that he be imprisoned in the county jail until petitioner would submit to be sworn; whereupon the petitioner filed a petition in habeas corpus in the common pleas court and was discharged. In deciding that ease, Judge Sayler says:
"In this case the commissioner derived his authority from the state of New York under the laws of New York and by Section 5269 (old number) his authority to take a deposition in this state is recognized. But I do not think it was the intention of the Legislature to thereby vest in him, as an officer, authority to punish a witness for contempt by imprisonment.” Ibid, 208.
In New York it has been held that a notary public of that state when engaged in taking depositions by virtue of a commission issued and directed to him from a court of a sister state, has no power to punish for contempt, a witness who refuses to appear and testify when directed by said notary. The ruling is based on the fact that the notary derived his authority from the court of a foreign state and not from the laws of New York. People v. Leubischer, 51 N. Y. S., 735; affirmed in 54 N. Y. S., 869; 34 App. Div., 577.
*169 In deciding this case the court of appeals say:
“The commissioner derived no authority and does not exercise any judicial function under the laws of the state of New York. He is not connected in any way with the administration of justice in this state. The process that he has issued is to enforce an order of the court of the state of Colorado, directing him to take the evidence of this relator and transmit it to such foreign court for the purpose of the trial of that action in such court. His power to act is derived entirely from the appointment of the court of another state. The action in which he assumes to act is pending before the court of another state. * * * We come then to the question as to whether or not authority given to an individual who is not connected with the administration of justice in this state, who has no judicial power vested in him by either the Constitution or the Legislature, not connected in any way with any of the courts in whom the judicial power is vested, can be authorized by the Legislature to issue a process, which shall be a process of law by which an individual may be deprived of his liberty or his property. It can hardly be claimed that ‘this commissioner and notary public’ is connected with the judicial department of the government of this state. He does not act by virtue of his holding the office of notary public within this state. The addition of that title to his name is merely descriptio personae. He is not appointed by any state authority, but is appointed by the court of a foreign state. He may well be a citizen of a foreign state, owing it his allegiance. The proceeding in which this committment was granted was not one originated or pending in the courts of this state. It was begun in a district court in the state of Colorado; that portion of it, which is to be performed in this state was originated by an order of that court, is pending under the direction of that court, and may be brought to an end at any time when that court sees fit to do so. * * * The person before whom it is conducted, although he happens to be a notary public of this state, gets no power to act from any of the constituted authorities of this state. ”
After the above decisions, the Legislature of New York enacted new’statutes, designed to meet the objections set forth in the decisions referred to. The dedimus or commission in the present ease is issued out of the circuit court of the state of Missouri, directed to a notary public in Ohio, authorizing him to perform certain acts; in other words, it is a command of the Missouri *170 court to do certain acts and return the commission or dedimus to the court issuing the same.
The fact that the notary’s name is omitted in the commission or dedimus is, -in my opinion, of no great consequence. In either case, the power to act comes from the Missouri court. Mr. Hall, as notary of Ohio, in assuming to take the deposition as commanded by the commission or dedimus, was not complying with the law or rules of practice governing the taking of depositions to be used in this state. He was complying with the command emanating from the court of Missouri and permitted by the statute of Ohio, providing the witness would appear and give his testimony, but with no power to punish for contempt a recusant witness.
It may be said that if a notary of this state can not punish for contempt in taking a deposition in a cause pending in a foreign state, justice may be impeded, unless the witness is willing to testify.
The furtherance of justice demands the compulsory attendance and testimony of recusant witnesses residing in this state, whenever needed to be used in óauses pending in sister states. If at the present time this power is not mandatory, but permissible only, it is the duty of the Legislature of our state to supply the necessary legislation. However it is well to safe-guard the taking of depositions, as the power may be diverted from its legislative purpose to a purpose of discovery or the pursuit of inquisitorial investigations or other abuses. The Legislature perhaps did not overlook its liability to such an abuse and may, for that reason, have left it in the power of the person to protect himself by refusing to testify.
In view of the law as I find it declared in the eases which have been decided, and in view of the legislation of other states as well as our own, I have come to the conclusion that a notary public of this state in taking depositions by virtue of a dedimus or commission issued by a court of another state and in which the original case is pending has no power to commit a recusant witness for contempt.
I have not reached this conclusion without some hesitation, but at the same time with the clear conviction, that if the power is *171 to exist, it is far better that it should exist by express legislative authority, with proper safe-guards against its abuse, than that it should exist by implication and without them.
The petitioner is discharged and an entry may be prepared accordingly.